IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

Case No.  05-33317

BRIAN LEE KNIGHT
d/b/a RAINBOW WATER

Debtor

DAVID G. LIVELY and
HEATHER ANN PHILLIPS

Plaintiffs

v.                                         Adv. Proc. No.  05-3154

BRIAN LEE KNIGHT

Defendant

**MEMORANDUM ON MOTION TO EXTEND
TIME FOR SERVICE OF PROCESS**

APPEARANCES:    LITTLE & MILLIGAN, PLLC
 F. Scott Milligan, Esq.
 900 East Hill Avenue
 Suite 130
 Knoxville, Tennessee  37915
 Attorneys for Plaintiffs

 MOSTOLLER, STULBERG & WHITFIELD
 Ann Mostoller, Esq.
 136 S. Illinois Avenue
 Suite 104
 Oak Ridge, Tennessee  37830
 Attorneys for Defendant by Special Appearance

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

On September 19, 2005, the Plaintiffs filed a Complaint Objecting to Discharge (Complaint), asking the court to determine that a judgment in favor of the Plaintiffs in the amount of $43,100.00 is a nondischargeable debt pursuant to 11 U.S.C.A. § 523(a)(6) (West 2004).  Presently before the court is the Motion to Extend Time for Service of Process (Motion to Extend Time) filed by the Plaintiffs on August 2, 2006, asking the court to grant them additional time, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7004 of the Federal Rules of Bankruptcy Procedure, to effectuate service of process of the Complaint and Summons on the Debtor/Defendant, which is supported by a Memorandum in Support of Plaintiffs' Motion to Extend Time for Service of Process and the Affidavit of Kevin C. Angel.  On August 22, 2006, the Defendant filed the Response of Defendant by Special Appearance to Motion to Extend Time for Service of Process (Response), asking the court to deny the Motion to Extend Time, which is supported by a Brief in Support of Defendant's Response by Special Appearance to Plaintiffs' Motion to Extend Time for Service of Process.

This is a core proceeding.  28 U.S.C.A. § 157(b)(2)(A) and (O) (West 1993).

## I

The Debtor filed the Voluntary Petition commencing his Chapter 7 bankruptcy case on June 16, 2005.  The Plaintiffs timely filed their Complaint on September 19, 2005.  The Plaintiffs' former attorney, Kevin Angel, did not request issuance of a Summons when the Complaint was filed; however, following a memorandum from the clerk dated September 20, 2005, directing him to comply with E.D. Tenn. LBR 7004-2, a Summons was submitted and issued on October 17, 2005.

The Certificate of Service filed on October 17, 2005, certifies that the Plaintiffs' attorney served a copy of the Summons and Complaint on the Defendant's attorney, Sal W. Varsalona, on October 11, 2005, via United States Mail, first class, postage prepaid; however, the signature line, signed under penalty of perjury, is dated October 7, 2005.[1]

No further action was taken in the adversary proceeding, and on January 4, 2006, the court entered an Order directing the Plaintiffs to appear on January 26, 2006, and show cause why their Complaint should not be dismissed for failure to prosecute. Thereafter, on January 20, 2006, the Plaintiffs filed a Motion for Default Judgment, stating that they had served the Defendant, through his attorney, on October 11, 2005. On February 7, 2006, the Defendant filed a Response to Motion for Default Judgment by Special Appearance, arguing that the Motion for Default Judgment should be denied because of insufficient service of process upon the Defendant. The court held a hearing on February 9, 2006, at which the Plaintiffs withdrew their Motion for Default Judgment.

Once again, the Plaintiffs did not take any further action, and on May 3, 2006, the court entered another Order directing the Plaintiffs to appear and show cause why the Complaint should not be dismissed for failure to prosecute. Prior to the show cause hearing scheduled for June 1, 2006, the Plaintiffs tendered an Alias Summons, and on May 30, 2006, the clerk issued the Alias Summons, and the show cause hearing was continued. The certificate of service evidencing service of process upon the Defendant pursuant to the Alias Summons has not been filed. However, in his

---

[1] In his Affidavit submitted in support of the Motion to Extend Time, Mr. Angel acknowledges that "the dates indicating service on Mr. Varsalona are confusing and both dates on the certificate pre-date the date of issuance, October 17, 2005. I believe the service dates indicated on the summons are in error and that the summons and Complaint were served on Mr. Varsalona after the issuance date of October 17, 2005." ANGEL AFF. at ¶ 4.

3

Affidavit, Mr. Angel stated that he mailed the Alias Summons and Complaint to the Defendant on or about May 30, 2006. ANGEL AFF. at ¶ 9.

On July 6, 2006, the Plaintiffs filed a Motion to Substitute Counsel, asking the court to allow the withdrawal of Mr. Angel as counsel of record and to allow substitution of the Plaintiffs' present counsel, F. Scott Milligan. The court thereafter entered an Order Substituting Counsel on July 10, 2006. The Plaintiffs' Motion to Extend Time was filed by Mr. Milligan on August 2, 2006, and the Defendant filed his Response on August 22, 2006.

## II

As an initial matter, there is no real dispute that the Plaintiffs have not effectuated service of process upon the Defendant as required by the Federal Rules of Bankruptcy Procedure. Rule 7004 provides, in material part, as follows:

> (a) Summons; service; proof of service
>
> . . . Rule 4(a), (b), (c)(1) . . . , and (m) F. R. Civ. P. applies in adversary proceedings.
>
> (b) Service by first class mail
>
> . . . [S]ervice may be made within the United States by first class mail postage prepaid as follows:
>
> . . . .
>
>> (9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address.

FED. R. BANKR. P. 7004. "Rule 7004(b)(9) unambiguously provides that service of process upon a debtor is not sufficient unless both the debtor and his attorney are served with the summons and a copy of the complaint." *Dreier v. Love (In re Love)*, 232 B.R. 373, 377 (Bankr. E.D. Tenn. 1999). "Anything short of strict compliance with Rule 7004(b)(9) is insufficient," *Love*, 232 B.R. at 377, as "the requirement of proper service of process 'is not some mindless technicality.'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)).

The record reflects that the Plaintiffs did not serve the original Summons and Complaint upon the Defendant, nor did the Plaintiffs serve the Alias Summons and Complaint upon the Defendant's attorney. Since Rule 7004(b)(9) requires service of process upon both the Debtor and his attorney, the Plaintiffs' attempts to properly serve this adversary proceeding have been insufficient. And, although the Defendant and his attorney clearly have actual knowledge of the adversary proceeding, this knowledge is not a substitution for service of process, nor does it cure the Plaintiffs' "technically defective service of process." *Friedman*, 929 F.2d at 1156.

As it applies with respect to the Motion to Extend Time, Rule 4 of the Federal Rules of Civil Procedure provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). "The first clause of this Rule indicates that a district court shall either (1) dismiss a complaint without prejudice, or (2) direct that service be effected within a specified time, if a plaintiff fails to serve a summons and complaint within 120 days after filing the complaint." *Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405, 406 (S.D. Ohio 2003).

The Plaintiffs bear the burden of evidencing good cause for their failure to properly serve the Defendant within Rule 4(m)'s 120-day time period. In the context of Rule 4(m), "good cause" is not defined. However, in determining "good cause," the court should consider "whether the plaintiff made a reasonable and diligent effort to effect service." *Russell v. Goins (In re Goins)*, No. 05-5055, 2006 Bankr. LEXIS 1581, at *13, 2006 WL 2089922, at *2 (Bankr. E.D. Tenn. July 6, 2006). "Mistake of counsel or ignorance of the rules is not enough to establish good cause[, and] lack of prejudice and actual notice are insufficient." *Massey v. Hess*, No. 1:05-CV-249, 2006 U.S. Dist. LEXIS 57963, at *12, 2006 WL 2370205, at *4 (E.D. Tenn. Aug. 14, 2006).

Here, the Plaintiffs have not established "good cause" for their failure to properly serve the Defendant. The Affidavit of Mr. Angel clearly establishes that it was due to his ignorance of the requirements of Rule 7004 that the Defendant was not properly served with the Summons and the Complaint in October 2005, and his attorney of record was not properly served with the Alias Summons and the Complaint in May 2006. The Plaintiffs "must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 113 S. Ct. 1489, 1499 (1993). Accordingly, the court is not required to grant the Plaintiffs an extension of the time set forth in Rule 4(m).

Nevertheless, "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Osborne*, 217 F.R.D. at 406-07 (quoting *Henderson v. United States*, 116 S. Ct. 1638, 1643 (1996) (citing Advisory Committee's notes on Fed. R. Civ. P. 4)).

> Courts construing Rule 4(m) agree that if the plaintiff establishes good cause for its failure to timely effect service, the court must grant additional time for service[, and] the overwhelming majority of courts which have considered the issue have concluded that a court has the discretion to extend the service time even in the absence of good cause.

*Goins*, 2006 Bankr. LEXIS 1581, at *7, 2006 WL 2089922, at *2 (citing 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 1137 (3d ed. 2006)); *accord Massey*, 2006 U.S. Dist. LEXIS 57963, at *11-12, 2006 WL 2370205, at *3 ("One part of Rule 4(m) gives a district court discretion to enlarge the 120-day period for good cause shown and even when good cause has not been shown."); *Lopez v. Donaldson (In re Lopez),* 292 B.R. 570, 575-76 (E.D. Mich. 2003) ("[W]hen an applicant for an extension of the 120-day limit for service of a summons and complaint fails to demonstrate good cause, Rule 4(m) nonetheless allows the court to exercise its discretion and grant an extension in appropriate cases.").

In order to determine whether this is an appropriate case for exercising its discretion to extend the Rule 4(m) deadline, the court should examine the following factors:

> (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*Lopez*, 292 B.R. at 576 (quoting *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001)).

7

Based upon the facts presented, the court will exercise its discretion and grant the Plaintiffs' Motion to Extend Time. The court acknowledges that the Complaint was originally filed on September 19, 2005, almost a full year ago, and that the 120-day period ran on January 14, 2006. Nevertheless, the Defendant has actual knowledge of the adversary proceeding, having been mailed a copy of the Alias Summons and Complaint in May 2006, which he does not deny, and as evidenced by his filing by special appearance a response to the Plaintiffs' Motion for Default Judgment in February 2006, and the Response with respect to this Motion to Extend Time. Furthermore, the Defendant does not face any prejudice other than having to defend the lawsuit by an extension. The Complaint sufficiently sets forth the requested relief, nondischargeability of a debt pursuant to 11 U.S.C.A. § 523(a)(6), so the Defendant does not face any uncertainty as to the Plaintiffs' cause of action, nor does he argue that he faces any prejudice if the extension is granted. In fact, the only position argued by the Defendant is that there has been a significant delay between the time that the Complaint was filed and the Plaintiffs' action to extend the time at this point.

On the other hand, dismissal of the adversary proceeding would substantially prejudice the Plaintiffs, as they would be time-barred from re-filing it by Rule 4007 of the Federal Rules of Bankruptcy Procedure. A dismissal without prejudice, as is contemplated by Rule 4(m), does not, therefore, save the Plaintiffs' nondischargeability claim. Their day in court is lost. Furthermore, it is always preferable for a case to be decided on its merits rather than on procedure. *See, e.g., Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000) ("[G]ranting Plaintiff an extension of time to re-serve the summons and complaint in this particular circumstance would be

8

in keeping with the overall policy in this Circuit of resolving disputes on their merits, rather than disposing of them on procedural or technical grounds.").

Finally, although Mr. Angel's mistakes were costly in terms of the fact that the Plaintiffs' Complaint has not been properly served upon the Defendant and his attorneys, the court does not find any evidence of bad faith or contemptuous conduct. Mr. Angel has withdrawn as Plaintiffs' counsel, and Mr. Milligan has been substituted as counsel of record. Mr. Milligan filed the Motion to Extend Time, within which he acknowledges the necessity to "have an additional summons issued which can then be served with a copy of the Complaint upon both the debtor and his counsel to clear up any service issues." Based upon these representations, the court believes that the Plaintiffs will proceed expeditiously in order to have an alias summons issued and to obtain proper service of process upon the Defendant pursuant to Rule 7004.

In summary, although the court does not find that the Plaintiffs have exhibited "good cause" for their failure to properly serve the Defendant in accordance with the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure within the time limits set therein, the court will nevertheless exercise its discretion and extend the time in which the Plaintiffs may serve the Defendant beyond the 120-day limit set forth in Rule 4(m) of the Federal Rules of Civil Procedure. The Plaintiffs' Motion to Extend Time for Service of Process filed on August 2, 2006, will be granted, and the Plaintiffs will be allowed an additional thirty (30) days to effectuate service of process upon the Defendant and to certify the same in accordance with all applicable procedural rules.

An order consistent with this Memorandum will be entered.

FILED: September 14, 2006

                                                BY THE COURT

                                                */s/  RICHARD STAIR, JR.*

                                                RICHARD STAIR, JR.
                                                UNITED STATES BANKRUPTCY JUDGE